UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| JORGE SARMIENTO | : | Case No.:_____ |
|---|---|---|
| Plaintiff, | : | **CIVIL ACTION** |
| -against- | : | |
| OMNI CREDIT SERVICES OF FLORIDA, INC. | : | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | : | |

Plaintiff, JORGE SARMIENTO, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the defendant, OMNI CREDIT SERVICES OF FLORIDA, INC (hereinafter "Defendant") as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq.* and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. §1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

1

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in the City of Jersey City, Hudson County, State of New Jersey.

5. Defendant is a company doing business in the State of Florida, with a principal address of 4710 Eisenhower Blvd., Suite B3, Tampa, Florida, 33634. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. On or around, January 2012, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), supposedly for an alleged debt owed by Plaintiff's mother.

7. For several months, up to and including between January 13, 2012 and March 31, 2012, Defendant and their collectors employed repeatedly and willfully contacted Plaintiff on his cellular telephone in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

8. Notwithstanding the above, and continuing through March 2012, Defendant contacted Plaintiff on the following dates: January 13, 2012, February 10, 2012, February 16, 2012, February 18, 2012, February 20, 2012, February 21, 2012, February 23, 2012, February 25, 2012, February 29, 2012, March 2, 2012, March 3, 2012, March 5, 2012, March 12, 2012, and March 31, 2012. A total of fourteen (14) calls were made by the Defendant to Plaintiff's cellular telephone, multiple times per week, using an automatic telephone dialing system and/or

an artificial or prerecorded voice to coerce payments of a debt with the intent to annoy, abuse, and harass such persons contacted.

9. Defendant knew or should have known that its actions violated the TCPA. Additionally, Defendant could have taken steps necessary to bring its action into compliance with the TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

## TELEPHONE CONSUMER PROTECTION ACT

10. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

11. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

12. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

13. The Defendant at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

14. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

15. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### Illegal Auto-Dialed Collection Calls

16. Within a two year period preceding the filing of this lawsuit, and pursuant to 28 U.S.C.§1658 (a), a lawsuit for TCPA violations must be brought within four years, Defendant telephoned the Plaintiff's cellular phone on numerous occasions and left pre-recorded messages on the Plaintiff's cellular phone and in violation of the TCPA.

17. Defendant and its collectors repeatedly called Plaintiff on his cell phone using an automatic telephone dialing system and left him voice mails on his cell phone in an attempt to collect this debt.

18. On many of these messages, Plaintiff heard a message from Defendant telling him to return the call and leaving a reference toll free number. Plaintiff received fourteen (14) of these auto-dialed calls from Defendant.

### Summary

19. All of the above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the TCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of his privacy by the use of repeated calls.

### TRIAL BY JURY

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. Section 227 et seq.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Within a two year period immediately preceding this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

23. The acts and or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

24. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

25. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

26. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

27. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

28. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

30. Congress recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. See 15 U.S.C. § 6801(a) (emphasis added).

31. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from the wrong person, and thereby invaded Plaintiff's privacy.

32. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

33. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

6

34. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. Section 227 et seq.

a) For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and for Plaintiff;

b) For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant and for Plaintiff;

c) For an injunction prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a).

### COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

a) For an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

b) For such other and further relief as may be just and proper.

Dated: 10/1/2013                              Respectfully Submitted,

                                                                           s/James de Stefano  
Attorney for Plaintiff  
James de Stefano (JD-7802)  
Law Offices of Michael Lupolover, P.C.  
180 Sylvan Avenue, 2nd Floor  
Englewood Cliffs, NJ 07632  
Phone: (201) 461-0059  
Facsimile: (201) 608-7116  
Email: jdestefano@lupoloverlaw.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW JERSEY      )
                         ) ss
COUNTY OF HUDSON         )

Plaintiff, Jorge Sarmiento, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Jorge Sarmiento

Subscribed and sworn to before me
this 27th day of September, 2013.

_____
Notary Public Alla Culchina, Esq.
Attorney-at-Law